## ED McGAUGH v. STATE.

No. A-2296.    Opinion Filed October 30, 1915.

(152 Pac. 140.)

INFORMATION—Defects—Objection—Waiver.    The sufficiency of an information cannot be raised upon appeal, unless some foundation was laid therefor before final judgment was rendered, and where the record shows that no demurrer was interposed and no motion in arrest of judgment was made after verdict, and no objection taken or question raised as to the sufficiency of the information in the trial court, the defects, if any, were in effect waived.

*Appeal from District Court, Marshall County;*
*Jesse M. Hatchett, Judge.*

Ed McGaugh, convicted of assault with intent to do bodily harm, appeals. Affirmed.

*George E. Rider* and *E. H. Hurt*, for plaintiff in error.

*Chas. West*, Atty. Gen., and *C. J. Davenport*, Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error was convicted of an assault with a dangerous weapon with intent to .do bodily harm, and his punishment assessed at a hundred days imprisonment in the county jail.   From the judgment rendered on the verdict he appealed by filing in this court on June 18, 1914, a petition in error with a certified transcript of the record.

The contention is made in this court that the information was defective in failing to allege facts sufficient to constitute the offense of assault with intent to do bodily harm.   It appears from the record that no demurrer was interposed to the information and no motion in arrest of judgment was filed, and no objection to the sufficiency of the information was made in the motion for a new trial.

The sufficiency of an information cannot be raised upon appeal, unless some foundation was laid therefor before final judgment was rendered.   The defendant may take advantage of a defective information by demurring thereto before the trial; by objecting to the introduction of evidence on the ground that the facts stated do not constitute a public offense, or by motion in arrest of judgment.   The function of a demurrer is to defeat the information without a trial whenever it appears, that it is subject to one or more of the five objections named in our procedure criminal.   Section 5791 Rev. Laws.

The record in this case does not contain a transcript of the testimony, nor is any objection noted to the introduction of evidence by the state.   Where the defendant makes no objection to the sufficiency of an information from the time of arraignment until final judgment has been pronounced, he has in effect waived his right to question the sufficiency thereof.   This court cannot consider questions that were not raised in the trial court as authorized by statute, unless fundamental error prejudicial to the substantial rights of the defendant is apparent.   The judgment appealed from is therefore affirmed.