### CLAUDE KEITH v. STATE.

No. A-2685. Opinion Filed January 24, 1917.

(162 Pac. 239.)

**EVIDENCE—Other Offenses.** On a trial for unlawfully selling intoxicating liquor, evidence that the defendant on the same day, at the same place, made sales other than the one charged, to the same party, is admissible as tending to connect the defendant with the commission of the offense charged.

*Appeal from County Court, Garvin County;*
*W. R. Wallace, Judge.*

Claude Keith was convicted of violating the prohibitory law, and he appeals. Affirmed.

*H. M. Carr,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen.. for the State

DOYLE, P. J. Plaintiff in error was convicted in the county court of Garvin county upon an indictment presented by a grand jury in the district court. which was duly transferred from the district court to said county court, wherein the defendant, Claude Keith, was charged with having unlawfully sold to one Alfred Davis

intoxicating liquor, and his punishment assessed at confinement in the county jail for one hundred and eighty days and a fine of $500. He has appealed from the judgment entered upon such conviction.

The only evidence introduced was that of C. F. Longacre, who testified that he conducted a repair shop in Pauls Valley about a block from the courthouse, and that on the day in question the defendant, Claude Keith. sold and delivered a bottle of alcohol to Alfred Davis in his shop; that he saw the bottle delivered, and saw Davis pay defendant 75 cents for it. He further testified as follows:

Q. How many transactions did they have there in your store that day? (Objected to by defendant as being incompetent and irrelevant, he is charged with this specific sale). By the Court: Objection overruled if it is to the same party. (The defendant excepts and exceptions are allowed.)"

This ruling of the court presents the only question which we deem worthy of notice. In our opinion, this evidence was competent. It was on the same day and between the same parties, at the same place, and it showed a series of transactions of similar nature to the one charged. In any event the evidence was merely cumulative, and the guilt of the defendant was so conclusively established that the reception of this evidence, even if incompetent, would not require a reversal of the conviction. We find nothing in the record of which the defendant has any just complaint.

It follows that the judgment appealed from should be, and the same is hereby, affirmed.

ARMSTRONG and BRETT, JJ., concur.