### M. J. (Dick) NEWTON v. STATE.

No. A-4393.   Opinion Filed Jan. 19, 1924.
(221 Pac. 1046.)

#### (Syllabus.)

**Evidence—Evidence of Collateral Offenses—Logical Connection with Offense Charged.** Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged. To be competent and admissible, it must have some logical connection with the offense charged.

Appeal from County Court, Jackson County; J. M. Williams, Judge.

M. J. (Dick) Newton was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

S. B. Garrett, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried upon an information charging that on or about the 22d day of July, 1921, he did "unlawfully have in his possession and under his control intoxicating liquor, to wit, about one gallon of whisky, with the willful and unlawful intent" to sell the same. The jury returned a verdict finding him guilty and leaving the punishment to the court. By the judgment of the court he was sentenced to be confined in the county jail for 60 days and to pay a fine of $250.

The evidence shows that defendant lived on a farm owned by his brother, about 15 miles from Altus; that on the date alleged officers went to this farm with a search warrant; defendant having been arrested the day before on a charge of intoxication was in the county jail at Altus. A threshing outfit was on the premises threshing wheat, ten or twenty hands, some in the yard and some about the thresher.

John K. Ford, deputy sheriff, testified that he found a tin bucket containing about a gallon of corn whisky concealed among some sacks of wool in the barn, and there was about a half barrel of what he judged to be mash in a shed near the hog lot; that he found a tin boiler in the residence and a keg out in the yard, and that the boiler appeared to have dough on it, and he also found a hollow wire about two feet long, and that similar copper wires are found in automobiles; that old man Dick Newton was supposed to be in charge of the place.

Against counsel for defendant's objections the witness Ford was permitted to testify that he had visited defendant's place about two months before and found a still, and later again searched the place and found nothing.

Eaveret McKinley was permitted to testify over the objections of defendant that as city marshal of Altus, he arrested the defendant on the 22d day of July; that defendant was drunk, sitting in a buggy, and he found a bottle of whisky in the buggy. Said bottle and contents were introduced in evidence against the objection of defendant.

We think this testimony was clearly inadmissible, because it had reference to separate and distinct offenses, clearly disconnected with the offense charged in the information on trial.

"Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the crime charged." Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689.

Bishop says that:

"To permit such evidence would be to put a man's whole life in issue on a charge of a single wrongful act and crush him by irrelevant matter which he could not be prepared to meet." 1 Bish. New Crim. Proc. par. 1124.

In our opinion the evidence objected to does not fall within any exception to the general rule.

For the errors indicated the judgment is reversed.

MATSON, P. J., and BESSEY, J., concur.