## JACK TREADWAY v. STATE.

No. A-4981.   Opinion Filed May 4, 1925.
(235 Pac. 929.)

(Syllabus.)

1.   **Appeal and Error—Overruling Challenge for Cause not Reviewed Where Defendant Accepts Juror Without Exercising All Peremptory Challenges.**  Where a defendant interposes a challenge to a juror for cause, and the challenge is overruled, and he accepts the juryman, without exercising all his peremptory challenges, the action of the trial court will not be reviewed on appeal.

2.   **Intoxicating Liquors—Conviction for Unlawful Possession Sustained.**  In a prosecution for unlawful possession of intoxicating liquor, evidence held to warrant a conviction.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Jack Treadway was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty Gen., for the State.

DOYLE, J. The information in this case charged that Jack Treadway did in Muskogee county, on the 2d day of September, 1922, have the possession of one and one-half gallons of whisky with the intention of selling the same. On the trial the jury returned a verdict finding him guilty, but failed to agree as to punishment. The court sentenced the defendant to be confined in jail for 90 days and to pay a fine of $250 and the costs. From the judgment he appeals.

The evidence shows that Weathers, a deputy sheriff, Fisher, a police captain, and Officer Harris were passing the defendant's place, and heard a disturbance upstairs. They went in and met two negroes coming down the stairs, and found four or five negroes sitting around in the front room; one negro was pouring out whisky. They found four empty whisky bottles and several whisky glasses. They also found a gallon and a half of whisky in another room and a pint of whisky in the kitchen.

The defendant testified in his own behalf, denying ownership of the whisky, and denying having brought the whisky to his house; that he was asleep during the time the negroes were drinking, and did not hear the disturbance.

The first assignment is "that the court erred in not sustaining the defendant's challenge to five jurors on the ground that they were not qualified to serve as jurors in this case."

It appears that the defendant asked each of the jurors on his voir dire if he was subpoenaed to serve as a juror, and if he appeared on August 29, 1923, for jury service.

Each answer was affirmative. The challenges were disallowed.

It is urged that said jurors were disqualified under the statute which provides:

"No juror shall be allowed to serve more than two weeks at one term, unless, at the end of such period, he is upon a panel engaged in the consideration of a case, in which event he may be excused when such case is terminated: Provided, that if the judge is of the opinion that the jury business of a term of court may be concluded within six days, he may require a jury, or a juror, to remain until the termination of said jury service, by entering an order to that effect upon the court journal." Section 3517, C. S. 1921.

The question as to whether or not the jurors challenged were shown to be disqualified or whether or not the trial court erred in disallowing the challenges interposed to them are not presented by the record for consideration by this court. The presumption is that the proceedings were regular and that a proper order was entered by the court. The challenges having been disallowed, the defendant did not see fit to exercise his right of peremptory challenges, but accepted all of said jurors.

It is well settled that, where a defendant interposes a challenge to a juror for cause, and the challenge is overruled, and he accepts the juryman, and not exercising all of his peremptory challenges, he cannot be heard on appeal to urge the action of the court in disallowing his challenge to the juryman as prejudicial error. Turner v. State, 4 Okla. Cr. 165, 111 P. 988; Colbert v. State, 4 Okla. Cr. 500, 113 P. 558; Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 112.

Complaint is made of alleged misconduct of the county attorney in the cross-examination of the defendant. Against his objections the defendant was asked and answered the following questions:

"Q. Have you ever been convicted of any felony? A. I have been convicted, but I never served any time.

. Q. "You appealed the case, A. Yes, sir. (The defendant moved that the questions and answers be, stricken.)

"The Court: The question as to his having been convicted when the case has not been finally tried is improper, and the jury is instructed to disregard it. (Counsel contends that the question was improper and prejudicial.)"

Our statute provides (section 585, C. S. 1921) that a witness may be discredited by showing on cross-examination his conviction of a crime, and section 2699 provides:

"The rules of evidence in civil cases are applicable, also in criminal cases."

The defendant had elected to testify as a witness in his own behalf, and, having done so, the county attorney had a right to ask him on cross-examination any question pertaining to the matter at issue or that would go to his credibility as a witness. Key v. State, 10 Okla. Cr. 206, 135 P. 950.

Although he may have appealed from a judgment of conviction to this court, the fact of his former conviction of a crime remained, and the ruling of the court in striking out the question and answer was more favorable to the defendant than the law required.

Upon a careful consideration of the record there seems to be no reason to doubt that the verdict of the jury in this case was entirely in harmony with the interests of justice, and, finding no prejudicial error, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.