Ex parte T. S. SNEED.

No. A-6723.　Opinion Filed Aug. 31, 1927.
(259 Pac. 156.)

Phillips & Huggins, for petitioner.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DOYLE, P. J. This is a petition for writ of habeas corpus filed on behalf of T. S. Sneed, confined in the county jail of Seminole county by J. A. Doyle, sheriff, under a commitment, which, omitting formal parts, is as follows:

"Whereas, on the 30th day of July, 1927, in the county court in and for the county and state aforesaid, the above-named defendant, T. S. Sneed, was found guilty of crime of unlawful possession of intoxicating liquor and by said court adjudged to pay a fine of $100, costs of prosecution $——, county attorney's fee $—, and a jail sentence of 60 days and accruing costs $——.

"Now, therefore, you are commanded to take the defendant into your custody and confine him in the jail of said county in default of said fine and costs and until said jail sentence is satisfied.

"In testimony whereof, witness my hand at Wewoka, Okla., this the 30th day of July, 1927. J. E. Simpson, County Judge, Seminole County, Oklahoma. [Seal.]"

The record of the conviction and sentence, a duly certified copy of which is annexed to the petition, shows the following facts: The information filed August 1st charged that Tom Sneed, in Seminole county, on or about the 30th day of July, 1927, "did commit the crime of unlawful possession of Choctaw beer in manner and form as follows, that is to say, that on the date and day aforesaid the said Tom Sneed, then and there being, did then and there unlawfully have in his possession about 25 gallons of Choctaw beer."

It is also shown that on a habeas corpus proceeding the county judge of said county denied the writ, and that the district judge of said county is absent from the state.

It is also stipulated that the information filed the third day after the commitment issued is the only information on file at this time.

Thus it appears, as alleged in the petition that there was no information on file when the commitment herein issued, and petitioner by virtue thereof committed to the county jail, and this is violation of the constitutional provision which prescribes:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information." Const. art. 2, § 17.

The averment that the information is insufficient to charge the offense of illegal possession of intoxicating liquor is well taken.

The information does not allege that the said Choctaw beer was an intoxicating liquor, or that it contained more than one-half of 1 per cent. of alcohol measured by volume.

It follows from what has been said that the petitioner is restrained of his liberty without due process of law, because the court sentencing him to such imprisonment without an information was without jurisdiction to pronounce the judgment or issue a commitment thereon.

The rule to show cause herein is made returnable to this court, provided that petitioner be released on bail in the sum of $500, which bail was given.

For the reason stated, it is the opinion of this court that petitioner is entitled to be discharged. It is so ordered, and his bond is exonerated.

EDWARDS and DAVENPORT, JJ., concur.