## TOM RUFFIN v. STATE.

No. A-5949.  Opinion Filed Dec. 3, 1927.
(261 Pac. 378.)

Joe Adwon and Jos. A. Ramsdale, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county on a joint charge with one Hendricks of selling intoxicating liquor, and was sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail.

The conviction rests on the testimony of B. E. Slagle, who styled himself an undercover man. He testified, in substance, that he approached defendant and inquired where he could purchase liquor, and that defendant introduced him to Hendricks, from whom he bought a quart of whisky. He was not corroborated on the fact of this purchase.

In the course of the trial, over the objection of defendant, the court permitted evidence that two days prior to the date charged the witness Slagle had inquired where he could purchase whisky, and at that time had been introduced to defendant by one Hooks, from whom he purchased a quart of whisky. This evidence tended to prove a different offense at a different time with a different person to that charged in the information. This court has frequently held that the issue in a criminal case is single, and evidence of an independent crime, having no logical connection with the offense charged,

is incompetent and inadmissible. The evidence was wholly incompetent, and its admission in this case constitutes reversible error. Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383; Smith v. State, 14 Okla. Cr. 348, 171 P. 341; Wisdom v. State, 18 Okla. Cr. 119, 193 P. 1003; Newton v. State, 26 Okla. Cr. 65, 221 P. 1046; Wiederkehr v. State, 27 Okla. Cr. 326, 227 P. 893; Stanfield v. State, 30 Okla. Cr. 82, 235 P. 256. See, also, Alexander v. State, 24 Okla. Cr. 435, 218 P. 543.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.