## U. S. HILL v. STATE.

No. A-6321.  Opinion Filed Dec. 15, 1928.
(272 Pac. 490.)

O. C. Wybrant and L. A. Foster, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county on a charge of selling whisky to a minor, and was sentenced to serve a term of 240 days in the state penitentiary and to pay a fine of $150.

The information alleges that defendant sold to one Eddie Nelson, a minor, one-half gallon of spirituous liquor commonly called whisky. It is first argued that the information is defective in failing to allege that the liquor contained as much as one-half of 1 per cent. of alcohol, measured by volume. There is nothing in this contention. Section 6996, Comp. Laws 1921, prohibits the sale to any minor of any spirituous, vinous, fermented, or malt liquors. The courts take judicial notice that whisky is a spirituous liquor, and is intoxicating. Cox et al. v. State, 3 Okla. Cr. 129, 104 P. 1074, 105 P. 369; Childers v. State, 4 Okla. Cr. 237, 111 P. 958; State v. Kollar, 17 Okla. Cr. 132, 186 P. 968.

The next contention made is that the court erred in

admitting incompetent evidence prejudicial to defendant. The witness to whom the sale charged in the information was alleged to have been made, in answer to a question by counsel for defendant, on cross-examination, testified that he was drinking at the time he made the purchase of whisky alleged. Counsel for the state, on redirect, then had him testify that the night prior thereto he made another purchase of whisky from defendant and paid him $2.50 for it, that it was delivered to him by defendant, and it was this whisky that he was drinking at the time. This was drawn out at considerable length. It is fundamental that the issue in a criminal case is single, and it is not the policy of the law to convict an accused of one crime by showing that at some other time he was guilty of another. Newton v. State, 26 Okla. Cr. 65, 221 P. 1046; Perdue v. State, 40 Okla. Cr. 9, 266 P. 514; 16 C. J. 586-605.

Where evidence of another crime tends to prove the specific crime charged, as where it tends to show a common scheme or plan, or where the crimes are so related to each other that proof of one tends to prove the other or to connect the defendant with the commission of the crime charged or sheds light on the crime charged, or where it tends to show motive or intent or identity, or has some logical connection with the offense charged, proof of another crime is competent. Keith v. State, 13 Okla. Cr. 1, 162 P. 239; Smith v. State, 14 Okla. Cr. 348, 171 P. 341; Newton v. State, 26 Okla. Cr. 65, 221 P. 1046; Jefferies v. State, 37 Okla. Cr. 110, 257 P. 333.

The record does not bring this case within any of the exceptions.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.