## GEORGE JAMES v. STATE.

No. A-9345.    April 14, 1938.
(78 P. 2d 708.)

Joe Adwon, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, who was the defendant in the trial court, was by information charged with selling intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $50, and to be imprisoned in the county jail for 30 days.

The testimony on behalf of the state shows that Melvin Taylor, Tom E. Lever, and A. J. Spooner, on November 20, 1936, went to the Broadway Circle Buffet; the officers drove up in front of the place and Melvin Taylor, who was accompanied by Tom Lever, H. H. Smith, and Dan Kean, stated:

"I got out and went into the building, a man came up and asked me what I wanted and I asked if I could get a pint of whisky, and he told me to drive to the back and he would be out; in a short while a man came out and delivered a pint of whisky to me and accepted $1.50."

The other parties were sitting in the car when the man came up, and all of the officers in the car identified this defendant as being the man who brought the whisky to the car and received the money. Later, a complaint was filed against him, and he was arrested.

The defendant denies he was at the buffet at the hour stated by the officers, and claims he only worked in the daytime, and was not on duty at night.

In the trial of the case two or three other parties were brought in to see if the officers could identify either of them as being the man from whom they bought the whisky, but

they could not; each of the officers stating positively the defendant was the man who sold them the whisky; even though it was dark they identified the defendant positively from the lights on the street or in the building.

The testimony is conflicting and the defendant denies the statements of the officers are true.

The defendant has assigned nine errors alleged to have been committed in the trial of his case, and has at length argued some of them.

The defendant, in his seventh assignment of error, insists that the court committed reversible error in permitting the state to introduce municipal court cases that were on appeal to the county court of Oklahoma county, and which cases in the municipal court were filed after the case in which the defendant was being tried. The defendant took the stand in his own behalf and was asked by his counsel the following questions:

"Q. How long have you lived in Oklahoma City? A. About ten years. Q. You have not been convicted of any crime, have you, George? A. No, sir."

After the state had announced closed, the court granted the state permission to open its case and in rebuttal call the court clerk who testified, over the objection of the defendant, that he was deputy court clerk of Oklahoma county; that he had possession of the files in No. 7052, which was then pending in the county court of Oklahoma county, the defendant being George James, and that this case originated in the city police court, that it was in the county court on appeal as shown by the transcript where a fine of $19 and costs had been imposed upon the defendant, and that the charge was possession of whisky; and No. 7093 was another case pending in the county court against George L. James, the charge against the defendant was possession of whisky; the transcript shows he had been fined $19 and costs in that case.

The defendant alleges it was reversible error for the court to permit the state to reopen the case and introduce this testimony, as the cases were still pending, and would have to be tried de novo in the county court; that the charges in the cases pending were at a different time than the one in this case, and being in no way whatever connected with a single sale of intoxicating liquor in this case, insisting that where the information charged a single sale of intoxicating liquor by a named person on a certain date, and where no question of knowledge, design, intent, or mistake or other such element entering into the issue to make such evidence admissible, the admitting of the evidence over the objection of the defendant of proof of other alleged possessions at a different time and place was error. Ruffin v. State, 38 Okla. Cr. 343, 261 P. 378, and authorities therein cited.

It would be conceded that the action of the court in admitting evidence of other cases against the defendant filed subsequent to the charge in this case, having no connection whatever with the charge in this case, would be reversible error but for the fact that the defendant took the witness stand in his own behalf and stated that he had not been convicted of any other crime.

It is clear from the ruling of the court in permitting the case to be reopened and the state to offer in rebuttal the evidence complained of as to other cases of conviction against the defendant in the municipal court and on appeal to the county court, the court permitted the case to be reopened on the theory that the state by rebuttal could contradict the evidence of the defendant which would affect his credibility before the jury.

Section 268, O. S. 1931, 12 Okla. St. Ann. § 381, is as follows:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction

may be shown for the purpose of affecting his credibility." Strickland v. State, 46 Okla. Cr. 190, 284 P. 651.

In Forester v. State, 36 Okla. Cr. 111, 252 P. 861, in the fifth paragraph of the syllabus the court said:

"A defendant, by availing himself of the privilege of testifying in his own behalf, thus waives his constitutional privilege and has all the rights and is subject to the same rules of cross-examination and impeachment as other witnesses."

That the credibility of a witness, including the defendant if he offers himself as a witness, may be attacked by showing conviction of crime is too well settled to require argument. Duncan v. State, 40 Okla. Cr. 347, 268 P. 998; Donahue v. State, 38 Okla. Cr. 87, 259 P. 179.

In Strickland v. State, 46 Okla. Cr. 190, 284 P. 651, 653, in the body of the opinion the court stated:

"The question presented is the right of the state to show that the defendant had been convicted of a crime under the terms of a city ordinance, where the same was an offense under the state law. This court has repeatedly held that where the defendant has been convicted of a crime that fact may be shown. Davis v. State, 15 Okla. Cr. 386, 177 P. 621; Whitlow v. State, 24 Okla. Cr. 307, 218 P. 162; Smith v. State, 34 Okla. Cr. 396, 246 P. 1104."

In Treadway v. State, 30 Okla. Cr. 239, 235 P. 929, 930, this court stated:

"Although he may have appealed from a judgment of conviction to this court, the fact of his former conviction of a crime remained, and the ruling of the court in striking out the question and answer was more favorable to the defendant than the law required." Newcomb v. State, 23 Okla. Cr. 172, 213 P. 900.

The court did not err in reopening the case and permitting the state to prove by the records of the county court that the defendant had been convicted of crimes in the municipal court of the city of Oklahoma City, and that the

cases were now on appeal in the county court of Oklahoma county.

After a careful examination and study of the other errors complained of, we hold they do not possess sufficient merit to warrant this court in reversing the case. The proof, though conflicting, is amply sufficient to sustain the verdict of the jury. The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts. There are no errors in the record which would justify this court in reversing the case.

The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.