## DUDLEY PONDER v. STATE.
No. A-10139.   May 13, 1942.
(126 P. 2d 287.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Alvin C. Bruce, Co. Atty., of Ardmore, for defendant in error.

JONES, J. The defendant, Dudley Ponder, was charged in the county court of Carter county with the unlawful sale of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, and pay a fine of $50 and costs, and has appealed to this court.

The appeal herein has just been recently filed. At the request of counsel for defendant, in which he was joined by the county attorney, this case has been advanced for early disposition for the reason that the defendant is being called to the army.

Only one question has been presented for consideration to this court, to wit, whether the information is sufficient on its face to charge the defendant with the crime of unlawful sale of intoxicating liquor.

The information filed against the defendant is as follows:

"In the Name and By the Authority of the State of Oklahoma

"Now comes Alvin C. Bruce, the duly qualified and acting County Attorney, in and for Carter County, State of Oklahoma, and gives the County Court of Carter County, State of Oklahoma, to know and to be informed that ———— did, in Carter County, and in the State of Oklahoma, on or about the 8th day of October in the year of our Lord, One Thousand, Nine Hundred and Forty and before the presentment hereof, commit the crime of Unlawful sale of Intoxicating Liquor in the manner and form as follows, to-wit:

"That the said Dudley Ponder in the county and state aforesaid, on the day and year aforesaid, did, knowingly, wilfully, and unlawfully sell certain intoxicating liquor, to-wit: 1 pint to Bob Elliston; contrary to the

form of the Statutes, in such cases made and provided, and against the peace and dignity of the State.

"(Signed) Alvin C. Bruce
County Attorney
"Alvin C. Bruce."

It is insisted that failure to insert the name of the defendant in the first paragraph of the information makes it fatally defective, and, secondly, that the information is indefinite and uncertain in that it omits to charge the defendant with the sale of any intoxicating beverage.

There is no merit to the first contention as we find the defendant's name is contained in the title to the information and is also contained in the charging part of the information, and the failure to insert a name in the first paragraph of the information does not render the information defective as not naming the person who is alleged to have committed the crime.

We think the second contention of the defendant should have been sustained. The information m e r e l y charges that defendant did "unlawfully sell certain intoxicating liquor, to wit: 1 pint to Bob Elliston." It does not state whether the alleged liquor is whisky, wine, beer, ale; whether it is one of the liquors which are per se intoxicating, or whether it is a beverage which must be described and its intoxicating qualities proved at the time of the trial. If the information had charged the sale of whisky, it would not have been necessary to allege the alcoholic content. Hill v. State, 41 Okla. Cr. 266, 272 P. 490. On the other hand, if it charged the sale of "choc beer", or some similar beverage, it would have been necessary to have alleged and proved that its alcoholic content was in excess of that provided by law. Ex parte Sneed, 38 Okla. Cr. 81, 259 P. 156.

It is fundamental that one charged with crime is entitled to be advised by the information of the nature of the offense against which he is to defend. Every element of the offense must be charged in clear and affirmative language so that the defendant may be apprised of what he must be prepared to meet. The information herein does not meet this test, and for that reason we think is fatally defective.

For the reasons hereinabove given, the judgment of the county court of Carter county is reversed and remanded, with directions to the county attorney to amend the information filed against the defendant to cure the defects herein pointed out and to grant the defendant a new trial.

The county attorney has appeared before this court and stated that he thinks this charge should be dismissed against the defendant and has asked this court to take such action. This is a matter to be addressed to the county court of Carter county. By the remanding of this case the county attorney may appear before the county court of Carter county and make his request for dismissal to that court.

BAREFOOT, P. J., and DOYLE, J., concur.