## VIRGIL PINKSTON McCANN v. STATE.

No. A-10677.   Nov. 27, 1946.

(174 P. 2d 855.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Warren H. Edwards, County Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J.  The defendant, Virgil Pinkston McCann, was charged by information filed in the court of common pleas of Oklahoma county with the illegal possession of intoxicating liquors, to wit: "47 pints of tax-paid liquor, and three 4-5ths of a quart bottle of tax-paid liquor." He was tried before the court without a jury, found guilty and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

The case-made with petition in error was filed in this court on September 4, 1945.

Rule 6 of the Criminal Court of Appeals provides, in part:

"In each cause filed in this court, appealed from a lower court from a conviction for a misdemeanor, counsel for plaintiff in error, unless otherwise ordered by the court, shall serve his brief upon the Attorney General within 30 days from the date of filing his petition in error."

Defendant has filed no brief in this case, and no application for an extension of time within which to do so has been made. The case was assigned for oral argument on September 11, 1946, and no appearance on behalf of accused was made at that time.

Rule 9 of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exception taken thereto, and the judg-

ment and sentence, and if no prejudicial error appears, will affirm the judgment."

There was filed on behalf of the defendant a motion to quash the information. It was the contention that the information alleged that the defendant did unlawfully have possession of "a certain quantity of intoxicating liquors, to wit: Forty-seven pints of tax paid liquor and three (3) four-fifths of a quart bottle of tax-paid liquor" etc. That by reason of the fact that the word "whisky" was not used instead of "liquor," the charge did not constitute a crime.

No authority has been submitted to sustain this contention. It occurs to us that when the term "tax-paid liquor" is used, the court will take knowledge of the fact that this was whisky upon which the federal tax has been paid, and especially when the words "intoxicating liquor" are taken into consideration.

A motion to suppress the evidence obtained under the search warrant issued to search defendant's premises was presented. The contention was that by reason of the fact that part of the affidavit was in printed form, that it was insufficient under the law. No brief or citation of authorities are presented upon this question. We think it is wholly without merit.

Defendant, by the agreed statement of facts dictated into the record, admitted that he was the owner and in possession of the premises where the whisky was found, and that he was the owner and in possession of the whisky. He did not take the witness stand or offer any evidence.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES. P. J., concurs. DOYLE, J., not participating.