## YOUNG v. DISTRICT OF COLUMBIA.

### No. 1395.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 4, 1954.

Decided Feb. 10, 1954.

Curtis P. Mitchell, Washington, D. C.,
for appellant.

Hubert B. Pair, Asst. Corp. Counsel,
Washington, D. C., with whom Vernon E.
West, Corp. Counsel, Chester H. Gray,
Principal Asst. Corp. Counsel, and Harry
L. Walker, Asst. Corp. Counsel, Washing-
ton, D. C., were on the brief, for appellee.
John A. Earnest, Asst. Corp. Counsel,
Washington, D. C., also entered an appear-
ance for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of keeping and
selling alcoholic beverages without a li-
cense in violation of D.C.Code 1951, 25-
109.

The essential facts may be summarized
as follows: In the early morning of May
13, 1953, two police officers went to 2317
Virginia Avenue, N. W., and were admit-
ted by one Mary Hinson. At the time they
entered defendant was seated in a chair
in the front room. She appeared to be
asleep. The officers proceeded into the
next room and asked Hinson for "two
beers." She went to where defendant was
sitting, and defendant gave her some keys.
Hinson then returned to the room in which
the officers were standing, unlocked a clos-
et with the keys, removed two bottles of
beer, and gave them to the officers. In pay-
ment they gave her a marked $1 bill, and
she returned to defendant, gave her the
money, and received 50¢ change. While

the two officers were drinking their beer, a third officer entered. He also received a bottle of beer from Hinson, and the money he paid to her was also turned over to defendant. Defendant was then placed under arrest. Detective Ernst entered the premises and assisted in the search. On request defendant gave Ernst the marked $1 bill and the keys to the closet. The officers opened the closet and found therein a large quantity of beer and whiskey. Later defendant admitted to Ernst that she had sold beer to the other officers and that if she had not been sleepy they would not have caught her.

Defendant offered no evidence in her defense, and the jury returned a verdict of guilty on the two counts of selling and the one count of keeping alcoholic beverages without a license.

■ Defendant assigns several errors. It is first claimed that there was no substantial evidence adduced that defendant kept for sale and sold alcoholic beverages, and that therefore the court should have directed a verdict of acquittal in her favor. The basis of this argument is that it was Mary Hinson and not defendant who did the actual keeping and selling. We find no merit in this contention. It was clearly shown at trial that defendant had possession and control of the keys to the locked liquor closet, and that she had the keys on her person when arrested. It was also shown that beer removed from this closet controlled by defendant was sold to the three officers, and that the money paid for this beer was ultimately given to her. Thus it was a question for the jury as to whether defendant was keeping this beer for sale and whether she sold it to the officers. We cannot agree that defendant is not liable to prosecution under this statute merely because another person actually handed the beer to the officers and actually received the money in payment from them.

■ Another contention made by defendant relates to the court's refusal to declare a mistrial after a witness for the Government stated that she had a record. The statement was made by Detective Ernst during cross-examination by defense counsel. We quote from the record:

"Q. Now, did you ever reduce to writing any statement, that is, including interrogations that were put to the defendant? A. No. I never asked her to give me a written statement or sign any statement at any time.

"Q. The reason you didn't do it was because she denied her guilt at all times? A. The reason I didn't do it is because by looking at her record she had been around and knew what the score was. She wouldn't have given me a written statement under any circumstances."

The witness' testimony was elicited by defense counsel and came in answer to his cross-examination. Therefore, defendant is in no position to complain about it here.[1] As the United States Court of Appeals remarked in discussing a similar situation:[2] "Counsel apparently asked a few too many questions."

■ The last assignment of error requiring discussion concerns an answer of the court to a question asked by the jury. After the jury had been deliberating for some time, it submitted the following inquiry to the court: " * * * does the accused have to physically deliver the merchandise and physically receive the money from the consumer to be considered the seller?" After discussion with counsel for both sides, the jury was called to the courtroom and given the following instruction: "A sale is a transaction whereby the seller transfers property in goods to the buyer for a consideration called the price. Even in that transfer of the goods—in that action—even if the goods are transferred through the means of another person, if such means and actions are in the presence of the alleged seller, the court considers that a definition of sale."

1. Edwards v. District of Columbia, D.C. Mun.App., 68 A.2d 286.

2. Felton v. United States, 83 U.S.App.D.C. 277, 170 F.2d 153, 155, certiorari denied 335 U.S. 831, 69 S.Ct. 18, 93 L.Ed. 385.

Defendant argues that not only was the instruction incorrect, but it was a peremptory direction to the jury to find her guilty. With this we cannot agree. When the judge's reply to the question is considered in connection with his charge to the jury, the answer is a correct statement of the law. The jury was simply asking the court if a person, in order to make a sale, had to actually handle the merchandise and receive the money. Under the circumstances in this case, we hold that the answer was neither misleading nor inaccurate.

We have considered the other errors assigned and find that they are without merit.

Affirmed.