Jose D. SIMATO, William C. Lewis, Zannie Brown, and James M. Jones, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

William C. LEWIS, Zannie Brown, and Koger A. Wilson, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

Zannie BROWN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 1513–1515.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 27, 1954.

Decided Oct. 26, 1954.

De Long Harris, Washington, D. C., with whom Curtis P. Mitchell, Washington, D. C., was on the brief, for appellants.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Five defendants appeal from convictions of violations of the Alcoholic Beverage Control Law, Code 1951, § 25–109. The offenses were charged in three separate informations, which named nine defendants. The first information, which was in thirty-two counts, charged that four defendants had kept for sale and sold alcoholic beverages in violation of the law. The second information charged three defendants with similar offenses. The third information charged one defendant with transporting such beverages in violation of Regulations of the Alcoholic Beverage Control Board.

At trial the court ordered the acquittal for lack of evidence of four defendants, and also granted motions for judgments of acquittal made by appellants on several of the counts. The court denied motions for acquittal as to remaining counts. All the defendants stood on their motions and offered no evidence. Under the first information the jury found appellant Simato guilty under four counts; found appellant Lewis guilty under six counts; found appellant Brown guilty under two counts; and found appellant Jones guilty under four counts. Under the second information the jury found Lewis and Wilson guilty under two counts, and Brown guilty under one count. Under the third information, the jury found Brown guilty of unlawful transportation.

1. *Alleged Misjoinder, and Refusal of Severance.*

Our first question is whether there was error in denying appellants' motion for severance and granting the Government's motion for consolidation of the three cases for trial. Appellants say they were prejudiced by these rulings. They rely on such cases as McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355, in which it was held improper to consolidate indictments in such a way as to require some defendants to be tried with others charged with a crime different from that for which all are tried, and that it was improper to join distinct offenses not provable by the same evidence and in no sense resulting from the same series of acts. It may be seriously questioned whether that 1896 decision is still the law in view of much later decisions of the Supreme Court and circuit courts of appeal (see cases listed in footnote 2, infra). For example, Judge Learned Hand, speaking for the second circuit, said: "True, the transactions must always be such as may be 'properly joined,' but that only means that the likelihood that the evidence will be misapplied is not serious practically. The mere fact that the accused are different in two counts is no longer important, despite what was said in McElroy v. United States * * *." United States v. Liss, 137 F.2d 995, 998, certiorari denied 320 U.S. 773, 64 S.Ct. 78, 88 L.Ed. 462.

The situation is governed by Municipal Court rule 7, from which we quote the pertinent parts:

"(a) Joinder of Offenses. Two or more offenses may be charged in the same information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(b) Joinder of Defendants. Two or more defendants may be charged in the information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions consisting of an offense or offenses.

*    *    *    *    *    .*

"(e) Relief from Prejudicial Joinder. If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in an information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. Rules 8(a) and 14 [Fed.Rules Crim. Proc. 18 U.S.C.A.]."

Concerning Rule 14, F.R.Crim.P., to which subsection (e) just quoted corresponds, it has been said: "This rule is a restatement of existing law under which severance and other similar relief is entirely in the discretion of the court * * *."[1] It is clear that such has long been "existing law" in this jurisdiction. In Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225, it was held that defendants indicted together should generally be tried together, and that in the absence of a showing of prejudice, refusal to grant a severance was not an abuse of discretion. This holding was quite recently repeated in Maynard v. United States, D.C.Cir., 215 F.2d 336. And this court has ruled, construing the applicable Municipal Court rule, that joinder of defendants is not improper when it is alleged that they have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Simcic v. United States, D.C.Mun.App., 86 A.2d 98, 102, affirmed Miciotto v. U. S., 91 U.S.App.D.C. 102, 198 F.2d 951. There we said, too: "It may also be true that each defendant's chances of acquittal may have been better if he had a separate trial. But that by no means establishes their right to a severance." We now say again that the granting or refusing of severance must depend not on whether a particular defendant would fare better if he were tried separately: it is not a question of personal advantage or disadvantage; it is a question as to whether injustice will likely result if defendants are required to face a joint trial. And that, as has many times been said, is a matter entrusted to the discretion of trial courts.[2] Rulings in this procedural and discretionary field will not be overturned unless it is made to appear that the right to a fair trial has been infringed. Most criminal cases are complicated when there are several defendants and more than one charge. And in such cases there is perhaps a danger that evidence may unwittingly be considered against one defendant when it relates, or is only intended to relate, to another defendant. But that potential danger does not require severance. It does require caution on the part of the trial judge. Such caution being exercised, there is no reason to assume that the average jury would be so bereft of intelligence and discrimination as to be unable to properly decide which, if any, of five defendants on which of sixteen dates charged, kept or sold liquor. We cannot say that it was wrong to charge and try these appellants together.

2. *Motions to Suppress.*

█ Error is charged with reference to motions made by appellants Wilson and Brown to suppress certain evidence (bottles labeled whiskey and cans labeled beer) which police officers took from the trunk compartments of their automobiles. Counsel say they were "unlawfully deprived of an opportunity to be heard upon their motions to suppress evidence." This statement is difficult to understand because the record shows a great deal of testimony was taken on the motions, that they were argued exhaustively, and that they were overruled

---

1. Notes of Advisory Committee on Rules of Criminal Procedure appointed by the Supreme Court of the United States.

2. Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154; Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; Pierce v. United States, 160 U.S. 355, 16 S.Ct. 321, 40 L. Ed. 454; Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Maynard v. United States, supra; Dauer v. United States, 10 Cir., 189 F.2d 343, certiorari denied 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672; Durden v. United States, 5 Cir., 181 F.2d 496; Smith v. United States, 86 U.S.App.D.C. 195, 180 F.2d 775; Edwards v. Squier, 9 Cir., 178 F.2d 758; United States v. Rosenblum, 7 Cir., 176 F.2d 321; Cataneo v. United States, 4 Cir., 167 F.2d 820.

only after studious consideration. It is true that counsel strove to again present the same matters to another judge in advance of trial and were overruled. It is also true that they pressed the same arguments at the trial and were again overruled. But we are satisfied that appellants were not denied an opportunity to fully present these motions. We are also satisfied that the motions were properly denied on the merits.

### 3. Probable Cause.

■ Appellants Wilson and Brown also contend that the judge who signed the arrest warrants did so without reading them. That judge was called as a witness in connection with the motion to suppress. His testimony warranted a ruling that though he did not minutely examine a "stack" of affidavits submitted by a police officer, that he had, nevertheless, sufficiently acquainted himself with the facts to reach the conclusion that there was probable cause for issuing the warrants of arrest and that there was " 'a reasonable ground for belief of guilt.' "[3] We need not detail the recitals of the affidavits. They revealed that these two appellants were in a thriving bootleg business, unloading bottles from their cars and taking them into a house which was the headquarters for the group of men charged in this prosecution, or handing them to those and other men. Wilson was seen receiving money from one of the appellants and discussing bootleg business with another. Brown was seen doing the same things and also actually selling whiskey on the street. Still other defendants, the affidavits reported, many times came out of the house with bottles in their hands and pockets, and made sales to motorists on the street. A judge would have to be worse than naive to say that this did not present probable cause for arrest.

### 4. Sufficiency of Evidence Against Wilson and Brown.

■ The next error claimed is the denial of motions by Wilson and Brown for ac-

quittal on the ground of insufficient evidence. As to Brown, it would only prolong this opinion unnecessarily to recite his active participation in every phase of the illegal handling, keeping, delivering and sale of whiskey. As to Wilson, the evidence of transporting was direct and clear, while the evidence of selling was circumstantial. In one of his pockets at the time of his arrest was a marked five-dollar bill which a policeman had given to defendant Lewis in exchange for a bottle of whiskey a short time before. Findings of guilt on these charges were permissible and the trial judge was right in refusing to direct a verdict in favor of either Wilson or Brown.[4]

### 5. Sufficiency of Evidence as a Whole.

■ Next it is said that there should have been a directed verdict for all defendants on two certain counts of the first information (one of which charged Lewis, Simato and Wilson with a sale, and the other of which charged them with the unlicensed keeping of whiskey for sale). The same contention is made with reference to the second information (in which the first count charged that Brown, Lewis, Simato and Wilson [and two other defendants who were later discharged] had kept whiskey for sale without a license, and count two charged the same defendants with the illegal sale). The gist of the argument on this point seems to be that there was a variance because, appellants say, the charge was joint keeping for sale and joint selling, and the proof established no joint act of keeping or selling. We think defense counsel read the informations incorrectly. It is true that in Count 17 of the first information Lewis, Simato and Wilson were named together in a charge of selling; and in Count 18 the same defendants were named together in a charge of keeping for sale. But the language of these two counts does not even hint that they were being charged with having committed either of the of-

---

3. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

4. See discussion of a similar situation in Young v. District of Columbia, D.C.Mun. App., 102 A.2d 754, appeal denied by United States Court of Appeals, No. 12099.

fenses jointly. There is no possibility that these defendants were misled by the charge, there was no conflict between the charge and the proof, and the claim of variance must be rejected.

### 6. *Claim of Defective Charge Against Appellant Jones.*

██ In behalf of appellant Jones the claim is made that he was entitled to be discharged because in the first count of the first information he was not named at all and in the second count and elsewhere he was referred to as "the aforesaid * * *. James M. Jones." In his behalf it is said that the second count and all subsequent counts did not charge him with any offense, and that because he was not named in the first count, the charges made in the subsequent counts must fail. Defense counsel admit that they have found no case to support this contention, and we are clear in our view that it cannot be sustained. While the later counts contained the word "aforesaid" before the defendants' names, we can think of no way in which Jones was misled by the word. He could not fail to know what charges were directed against him; and there is no suggestion that he was not the James M. Jones named in the information. Hence any reasonable reading of the information would plainly indicate that the word "aforesaid" was immaterial and mere surplusage. We know of no rule of criminal pleading which would justify a holding so far fetched and unrealistic as to say that this one harmless word must vitiate the prosecution. See Goodall v. United States, 86 U.S.App.D.C. 148, 180 F.2d 397, 17 A.L.R.2d 1070; Ponder v. State, 74 Okl.Cr. 360, 126 P.2d 287.

### 7. *The Charge to the Jury.*

██ Lastly we consider appellants' criticisms of the charge to the jury.

(a) In brief and argument we were told that the judge, though granting a defense prayer on circumstantial evidence, utterly failed to instruct the jury on that important subject. Counsel are completely mistaken; the charge, as stenographically reported in the record, contains the instruction they requested with the change of only one unimportant syllable.

(b) Appellants point out that in discussing the burden of proof the judge said that the burden of procedure or the burden of going forward from time to time may shift. That was of course an inaccurate statement as applied to this case. But we have no doubt that it was harmless, because just before that the judge had explained that in all criminal cases the burden of proof is upon the government to prove the defendant or defendants guilty beyond a reasonable doubt, and after making the remark complained of he said, almost in the same breath: "* * * but the burden of proof never shifts. The Government starts out with that, the burden of proof, and it remains with the Government during the trial." In addition, at more than one point in his charge he carefully explained the presumption of innocence, reasonable doubt, and the other fundamental rules by which the jurors were to be guided in their deliberations.

(c) Also harmless, though in these circumstances inaccurate, was another statement in the charge as to inferences permissible as to witnesses not produced. The judge carefully explained that defendants were under no duty to testify, that they were within their legal rights in not taking the stand, and that no inference or presumption was to be indulged against them by reason of their not testifying. We also note that although there was a lengthy bench conference before the case was finally submitted to the jury, and although several other criticisms were offered and subjects discussed, this part of the charge was not objected to or even mentioned by any of defense counsel. In this court it was referred to, but not argued as a separate ground of error.

(d) Appellants also criticize the charge as not defining the crime of selling without a license. Reading the charge as a whole, and comparing it to one we held sufficient in a similar case, Young. v. District of Columbia, D.C.Mun.App., 102 A.2d 754, ap-

peal denied by United States Court of Appeals, No. 12099, we are satisfied that it adequately covered the situation, and protected defendants' rights.

Other criticisms of the instructions are without substance. We are satisfied that appellants have shown no prejudicial error and that the judgments of the trial court must be

Affirmed.