Virginia Dare EDWARDS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12387.

Criminal Court of Appeals of Oklahoma.

Feb. 20, 1957.

**874**

Geo. ·P. Striplin, Geo. E. Reeves, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Virginia Dare Edwards, hereinafter referred to as defendant, was charged by information filed in the municipal criminal court of the city of Tulsa with the offense of unlawful possession of intoxicating liquor, was tried by the court without the intervention of a jury, found guilty and punishment fixed at 90 days in the county jail, and to pay a fine of $250.

The appeal comes here on the propositions that the information is not sufficient to charge a public offense against the laws of the state of Oklahoma, and that the information being fatally defective, the question may be presented for the first time on appeal.

We consider the instrument complained of, which reads:

"Information

"The City of Tulsa
The State of Oklahoma,
Plaintiff

vs

Virginia Dare Edwards,
Defendant.

In the Municipal Criminal Court of the City of Tulsa, Tulsa County, State of Oklahoma.

No. 2157-6

"State of Oklahoma
County of Tulsa    ss.
City of Tulsa

"In the Name and by the Authority of the City of Tulsa, State of Oklahoma:

"Now comes . . . the duly appointed, qualified and acting city attorney of the city of Tulsa, Tulsa County, Oklahoma, and gives the municipal criminal court of the city of Tulsa, Tulsa County, Oklahoma, to know and be informed that heretofore to-wit: on or about the 13 day of March, 1956, within the corporate limits of the city of Tulsa, Tulsa County, Oklahoma, Virginia Dare Edwards, the above named defendant, did then and there unlawfully and wrongfully have in *his* possession, and under *his* control certain intoxicating liquor, namely: 7–⅘ 2 pts with the intent on the part of said defendant to barter, sell, given away or otherwise furnish the same to persons unknown, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma.

"City Attorney of the city of Tulsa,
Tulsa County, Okla.,
"By William P. Huckin, Jr.,
Assistant.

"State of Oklahoma
County of Tulsa    ss.
City of Tulsa

"I Kenneth Gandall being duly sworn on oath state that I have read the above and foregoing information and know the facts and contents thereof, and that the facts therein stated are true.

"Kenneth Gandall.

"Subscribed and sworn to before me this 13 day of Mar. 1956

"_____

"Clerk of the Municipal Criminal Court
By L. D. Skinner, Deputy.

"Endorsed:
"Witnesses
"K. Gandall   TPD   Brooner TPD
Municipal Court Filed Mar 13 1956
"R. C. Taylor, Court Clerk by ———— Deputy."

The proposition raised was not presented to the court until the close of the State's testimony.

■ Ordinarily a demurrer to the sufficiency of an information must be presented prior to the commencement of the trial,

as its function is to defeat the information without a trial wherever it appears that it is subject to objections named in 22 O.S.1951 § 504; McGaugh v. State, 12 Okl.Cr. 96, 152 P. 140.

■ It should without equivocation set out in clear and unmistakable language the claimed defects in the information so as to give the trial court opportunity to intelligently rule on the objection, and if need be, to give the county attorney opportunity to amend. An appellate court is never in sympathy with defense counsel who invite error. In some instances the defense might be entitled to a continuance.

The record does not disclose whether the court attached sufficient importance to the demurrer to hear argument or not. It would appear not. Was the demurrer sufficient to call the court's attention to the obvious defects?

■ Although this court does not approve of counsel for the defense sitting by and waiting to attack an information until after the State has put on its evidence, still, if an information should be fatally defective, the question could be so raised. The amendment of the information for the defects in the within information, if properly called for, could have been made without the necessity for a continuance. And it is noted that the demurrer in question was renewed at the close of all of the evidence, and that the questions raised were presented in a motion for new trial, and following this, in a motion in arrest of judgment, as follows:

"1. Defendant adopts and reiterates all of the causes set out in her motion for new trial the same as if herein related in full.

"2. That said information fails to give this court jurisdiction and fails to state any definite offense of any particular law in that said information does not reflect whether the defendant is being prosecuted under the ordinances of the City of Tulsa, or if she is being prosecuted under the laws of the State of Oklahoma, and further fails to reflect what official is bringing the charge on behalf of the said City or State, and fails to allege sufficient facts to allege a violation of the liquor laws of the State of Oklahoma, or the ordinances of the city of Tulsa.

Tit. 22 O.S.1951 § 512 provides:

"When the objections mentioned in Section 5791 [22 O.S.1951, § 504] appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

See also McGaugh v. State, 12 Okl.Cr. 96, 152 P. 140; Bryson v. State, 96 Okl.Cr. 49, 248 P.2d 253; Ex parte Brown, 77 Okl. Cr. 96, 139 P.2d 196; Chandler v. State, 96 Okl.Cr. 344, 255 P.2d 299.

We conclude that the defects complained of were timely brought to the attention of the trial court if they can be determined to be such as to show that the court did not acquire jurisdiction.

It will be noted from a reading of the information set out in full above, that apparently a printed dual-purpose form was used. That is to say, 11 O.S.A. § 785 provides for two classes of prosecution in the municipal criminal court of the City of Tulsa, and being, first, for violation of city ordinances; and second, for violation of State statutes; and prescribing style of heading to the information. Section 782 of the same Title sets out the jurisdiction of the court. Undoubtedly it was contemplated that the inapplicable portions in a particular information be stricken. Here, from the judgment and sentence it is apparent that it was actually sought to prosecute defendant for violation of a State statute, 37 O.S.A. § 82. As is apparent, the heading to the information is contradictory.

The pertinent portion of 11 O.S.A. § 785, provides:

"All prosecutions for the violation of any ordinance of the City shall be styled 'The City of ———, against ———,' (naming the City and the person, or persons charged), and all prosecutions for the violation of any law of this State shall be styled 'The State of Oklahoma against ———,' (naming the person, or persons charged)."

It is further noted that the information does not bear the name of the city attorney, but it merely sets out: "City Attorney of the City of Tulsa, Tulsa County, Okla., by William P. Huckin, Jr., Assistant." And the person taking the acknowledgment signed: "——— Clerk of the Municipal Criminal Court by L. D. Skinner, Deputy", but failed to set out the name of the clerk for whom he was supposed to be acting, and, according to the record before us, failed to attach the seal. He should have signed: "R. C. Taylor, Clerk of the Municipal Criminal Court of the City of Tulsa, Tulsa County, Oklahoma, by L. D. Skinner, Deputy", or, "L. D. Skinner, deputy clerk of the Municipal Criminal court" etc., affixing the seal.

Where the statute provides that an acknowledgment or oath may be taken before a public officer, or his deputy, the deputy in certifying an acknowledgment taken before him may certify it in the name of the principal by himself as deputy, or in his own name as deputy. 1 C.J.S., Acknowledgements, § 88, p. 848; 16 O.S.1951 § 35; 12 O.S.1951 §§ 34 and 71; 51 O.S.1951 § 2. And see particularly Halbouer v. Cuenin, 45 Colo. 507, 101 P. 763; and Caffee v. State, 11 Okl.Cr. 263, 145 P. 499; Vahlberg v. State, 96 Okl.Cr. 102, 110, 111, 249 P.2d 736.

Construing the various provisions of the statutes, 11 O.S.A. §§ 785, 781, 792, 804 and 22 O.S.A. § 303, together with Art. II, § 17, Okl.Const., we conclude that where the prosecution is for a misdemeanor in a court of record, as in the case with the municipal criminal court of the city of Tulsa (§ 781, supra), that the municipal or city attorney bears the same relation to the municipal criminal court as the county attorney does in the prosecution of misdemeanors in county courts, and that the prosecutions must be instituted by the municipal or city attorney, and in such prosecutions he is governed and must conform to the provisions and requirements of the Code of Criminal Procedure relating to the trials in the county court, 22 O.S.A. § 303.

Therefore, as has been held in case of a county attorney, in Heintz v. State, 49 Okl. Cr. 148, 295 P. 402 and Johns v. State, 15 Okl.Cr. 630, 179 P. 941, the city attorney must subscribe his name to the information filed in the municipal criminal court of the City of Tulsa, or his name must be subscribed thereto by an assistant, or the information is void and confers no jurisdiction upon the court to try the defendant. The formalities in the preparation of informations, minutes of the action of the court, and judgments in the municipal criminal court should meet the standards required in other courts of record.

The next question for determination is whether the information is sufficient on its face to charge the defendant with the crime of unlawful possession of intoxicating liquor.

Counsel points out that the information in the within case, heretofore quoted, is almost identical with the information in Ponder v. State, 74 Okl.Cr. 360, 126 P.2d 287, 288, except that in the Ponder case the charge was for sale of intoxicants, rather than unlawful possession. We note, as counsel contends, that the information in this case, as Ponder, gave the quantity of intoxicants, but neither named the intoxicating liquor, and neither alleged the alcoholic content.

As pointed out by the court in the body of the opinion in the Ponder case, the information did not state whether the alleged liquor was whiskey, wine, beer, ale; whether it was one of the liquors which are per se intoxicating, or whether it was a beverage which must be described and its intoxicating qualities proven at the time of

**878**

trial. As stated by the court: "If the information had charged the sale of whiskey, it would not have been necessary to have alleged the alcoholic content. Hill v. State, 41 Okl.Cr. 266, 272 P. 490. On the other hand, if it charged the sale of 'choc beer', or some similar beverage, it would have been necessary to have alleged and proved that its alcoholic content was in excess of that provided by law. Ex parte Sneed, 38 Okl.Cr. 81, 259 P. 156."

The rule in Ponder seems to have been modified to a degree in McCann v. State, 83 Okl.Cr. 206, 174 P.2d 855, 856, where it was said: "It occurs to us that where the term 'tax-paid liquor' is used, the court will take knowledge of the fact that this was whiskey upon which the federal tax has been paid, and especially when the words 'intoxicating liquor' are taken into consideration." But by reason of the factual difference, the McCann case cannot be controlling here.

For the reasons given, the judgment entered must be and is reversed.

BRETT, P. J., and NIX, J., concur.