**George S. TURNER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1971.

Municipal Court of Appeals for the District of Columbia.

Argued May 6, 1957.

Decided May 21, 1957.

Bernard W. Kemp, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

PER CURIAM.

A jury convicted appellant of selling and keeping for sale alcoholic beverages without a license. Code 1951, § 25-109(a) (Supp. V). In connection with the same transaction a man named Barksdale was charged in a separate information and by consent the two men were tried together. Appellant challenges the sufficiency of the evidence.

The gist of the Government's proof was that two police officers approached Barksdale on a Sunday morning and asked if he knew where they could get some whisky. Barksdale agreed to obtain two half pints of whisky; one of the officers gave him two marked one-dollar bills; and the three men went to an apartment building where appellant Turner lived. The officers, staying behind on a stair landing, saw Turner open his apartment door, speak with Barksdale, go back into the apartment, and shortly return with two half pints of whisky which he handed to Barksdale in exchange for "something" which was not further identified by the Government. After some delay Turner admitted the officers into his apartment, where they found 34 bottles of wine, 7 bottles of whisky, and 15 cans of beer.

We must rule that the evidence supported a verdict of guilt. It is true that though Turner did not take the stand, there was evidence by Barksdale and by a brother of Turner contradicting some parts of the officers' testimony; but this presented nothing more than a factual dispute. See Young v. District of Columbia, D.C.Mun.App., 102 A.2d 754.

There is no basis whatever for applying appellant's theory that the evidence was as consistent with innocence as with guilt. See Hammond v. United States, 75 U.S. App.D.C. 397, 127 F.2d 752.

Affirmed.