## GEORGE STAMPER v. STATE.

No. A-1892.    Opinion Filed January 27, 1914.

Appeal from County Court, Pottawatomie County;
Ross F. Lockridge, Judge.

George Stamper was convicted of a violation of the prohibition law, and appeals. Reversed.

Pitman & Goode, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted of an unlawful sale of whisky to one G. G. Woodruff, and in accordance with the verdict of the jury, on the 18th day of November, 1912, he was sentenced to be confined in the county jail for four months and to pay a fine of three hundred dollars. From the judgment he prosecutes this appeal. We deem it unnecessary to review the testimony further than to say that G. G. Woodruff, a private detective, was the only witness for the state. But whether the defendant was guilty or innocent, he was entitled to a fair and impartial trial according to the forms of law, and we are constrained to hold that this right was denied him. Among the numerous errors assigned is the one that the court erred in refusing to strike out incompetent, irrelevant and immaterial and prejudicial testimony offered by the state. The record discloses the following examination of the state's witness Woodruff by the prosecuting attorney: "Q. Mr. Woodruff, had anybody come to you and asked you not to testify in this case? A. Yes, sir. Mr. Goode: Objection to as incompetent, irrelevant and immaterial. The Court: Objection overruled. Q. And if so, did they tell you George Stamper sent them? A. Yes, sir. Mr. Goode: We object to hearsay. Q. Just go ahead and tell who came to you about this case? A. Joe Negonquet. Q. And who else? A. Mr. Peyton Perkins. Mr. Goode: Objected to as incompetent, irrelevant and immaterial. This defendant is not bound by what Peyton Perkins and some other man has said to this gentleman." Cross-examination. "Q. Mr. Woodruff, where was this conversation held? A. One of them, Peyton Perkins came to me in Asher. Q. The defendant was not there? A. I never saw him, but

there was some man in the buggy, and I did not know who he was."
As was said by this court in the case of Will Williams v. State, ante,
136 Pac. 778: "That this testimony was incompetent and prejudicial
to the defendant, we think there can be no doubt. If the minds of
the jury were wavering on the question of the innocence or guilt of
the defendant, this incompetent testimony which the court had sanc-
tioned with judicial approbation was sufficient to turn the scale against
the defendant." See also Bruner v. U. S., 1 Okla. Cr. 205, 96 Pac. 597.
We deem it unnecessary to review the other errors assigned. For error
in the rulings of the court in the admission of the testimony above
quoted, the judgment of conviction is reversed and the cause remanded
for another trial.