## MAY SMITH v. STATE.

No. A-9057.    May 29, 1936.
(58 Pac. [2d] 347.)

J. Weldon Cornett, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of illegal possession of intoxicating liquor, and sentenced to pay a fine of $100 and to be imprisoned in the county jail for sixty days, and has appealed by filing in this court her assignment of errors with case-made attached.

The testimony on behalf of the state, in substance, is that the defendant Della M. Cundiff was living with her husband, William C. Cundiff, at 325 Northwest Fifth street, Oklahoma City, Okla., on the 26th day of July, 1935; that R. C. Bradford, a police officer, in company with another officer, went to the home of the defendant, stating he had a search warrant; he went into the house; the husband of the defendant was not at home, but there was another man in the house waiting, as the man informed him, to use the telephone.

The officer further testified this defendant was in the kitchen with the door fastened, and that he heard her pouring something, the defendant stating it was a vinegar bottle, and the witness that it was a bottle containing whisky. The police officer further testified he searched an old icebox in the corner of one of the rooms in the house, in which icebox he found seven pints of whisky; that he later on searched the basement, and under the floor near the basement or cellar he found five one-half gallon fruit jars of whisky. The defendant talked to him and wanted him to be lenient with her, "and I told her I could not, I would have to take her down and file her in the county court. She wanted us to wait and let her husband come home and take him, and we said, 'No, you are just as much interested as he is.' "

The man in the front room was in a normal condition. "We charged him with loitering around a place where intoxicating liquor was sold."

Considerable testimony is contained in the record with reference to the description of the house which it is not deemed necessary to set out in this opinion.

L. O. Bogstie testified in substance the same as did the state's witness Bradford. R. C. Bradford was recalled by the state and was asked if he recalled the incident where there was a complaint made against the home of William C. Cundiff, and was permitted to answer that about 30 days previous to this raid a person came to the police office and complained about this place selling whisky; witness continued:

"I made a deal with him, and gave him 25 cents in silver, and marked the piece on the eagles neck, and searched him before I sent him down to buy the whisky, and he brought back a half pint of whisky. He brought the whisky to my car; we watched him go in, and we drove down and searched the place. Just before we got there Mrs. Cundiff had gone to a restaurant, and I went in and looked in the middle room where he said I would find the money in a lady's purse setting on the shelf back of an old clock, and I did so, and opened the purse and took out this marked quarter. We searched the room and found a half gallon of whisky and arrested her husband and took him down."

The witness did not see the man buy the whisky from this defendant. The conversation which he detailed relating to the time was about 30 days prior to the date he arrested this defendant. He knew nothing about what the man he gave the marked quarter did with it. He went to the home of the defendant and found her husband there about the place, went in the house without any authority, so far as this record shows, and searched a

purse of this defendant and claims to have found a quarter therein.

To all of this testimony the defendant objected. There is no competent testimony to show that this defendant was at home when the man the officer sent to buy the whisky went in the house, nor is the man whom the officers claim bought the whisky called as a witness to prove he bought it from the defendant, and paid her the 25 cents and she put it in her purse in his presence. The officer does not state the name of the man he sent to buy the whisky.

The defendant testifying in her own behalf denied she had anything to do with the whisky, and stated she was living there with her husband; she did not drink whisky, and had not been selling whisky, and had not been arrested prior to this time. She did not sell any whisky to any one at any time. The foregoing is in substance the testimony.

Several errors have been assigned by the defendant The first assignment of error the court will discuss will be the third assignment:

"The court erred in admitting testimony that was incompetent, irrelevant and immaterial."

It is clearly shown by the record that the defendant in this case was a married woman living with her husband at the place alleged to have been searched by the police officers, and it is not disputed that the defendant's husband provided her with a home and maintenance. All the testimony shows that she had nothing to do with the whisky; that her husband was a man that would take a drink. The defendant in this case may be guilty, but she is entitled to a fair and impartial trial by an unbiased jury and competent testimony. From the record before us it is clear that the trial court permitted the county

attorney to introduce any evidence he desired. R. C. Bradford, one of the witnesses, was recalled, and the court, over the objection of the defendant, permitted the state to prove that at some time prior to the date of the arrest of the defendant on the charge for which she was being tried, the officers went near the home of the defendant and marked a quarter of a dollar and sent some man, whose name he does not mention, to the home of the defendant and her husband to buy whisky; that the man returned from her home with a small quantity of whisky claiming he had bought it from the defendant. When the officer received this word, he proceeded to the home and found somewhere around the premises the husband of this defendant, the defendant not being there. He had no warrant for the arrest of the defendant, and no warrant to search her person or her purse, yet he states he found the defendant's purse and opened it, in which he claims to have found the marked quarter he had given this unnamed man, and he states positively the defendant sold this mysterious man the whisky. The defendant moved to strike all of this testimony from the record, which motion was overruled, and the defendant reserved an exception. The testimony is the rankest kind of hearsay testimony and violated every principle of the rules of evidence.

That this testimony was incompetent and prejudicial to the defendant we think there can be no doubt; if the minds of the jurors were wavering on the question of the innocence or guilt of the defendant, this incompetent testimony which the court had sanctioned with judicial approbation was sufficient to turn the scale against the defendant. This hearsay evidence was not admissible. Stamper v. State, 10 Okla. Cr. 674, 137 Pac. 1197; McKinney v. State, 19 Okla. Cr. 94, 198 Pac. 108.

A conviction based upon hearsay evidence or suspicion is not obtained by due process of law, and is contrary to the Constitution of Oklahoma and the United States Constitution. McRae v. State, 8 Okla. Cr. 483, 129 Pac. 71; Stamper v. State, supra.

In Moiser v. State, 59 Okla. Cr. 106, 56 Pac. (2d) 908, 909, this court said:

"We have no doubt that the search of the defendant, under the circumstances in the record, is unlawful. Some things are to be more deplored than the unlawful sale of whisky. One is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is more serious to search his person, and whoever accomplishes it must do so in conformity with the laws of our state. There are two reasons for this, one to avoid bloodshed, and the other to preserve the liberty of the citizen.

"The fact of the possession of the dollar bill was proven by the forcible and unlawful search of the defendant's purse to secure a veritable key of the offense. It is fundamental that the defendant may not be searched by the officers, without process, in order to secure testimony against her. It takes no flight of imagination to picture what would happen if other officers clothed with some temporary authority might without restriction or hindrance at their will hold up a citizen on the highway and search him, or enter his home and search his person in an effort to procure evidence against him. It results from what we have said that the action of the deputy sheriff and his party was wholly without warrant of law, and the evidence thus found was wholly incompetent against defendant."

In Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895, this court said:

"In a prosecution for unlawful possession of intoxicating liquor, defendant cannot be convicted on evidence obtained by unlawful search of his person, without a war-

rant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof so acquired is admissible against him." Mosier v. State, supra.

Exclusive of the testimony of the officer as to the hiring of the man to buy the whisky from the defendant, who in her absence searched her purse, there is no evidence whatever to sustain a conviction. The admission of the evidence of the officer, over the objection of the defendant, with reference to the marking of the 25-cent piece, giving it to a man who is not named, and sending him to the defendant's house, and his returning and reporting he bought some whisky from the defendant, and the officer going into defendant's home where she had left her husband, and searching her purse in the absence of the defendant, was prejudicial and reversible error.

There are other errors in the record, but in the view we take of this record it is not necessary to consider them.

The judgment of the trial court is reversed.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.