## DAISY NEWCOMER v. STATE.

No. A-9076.   Sept. 10, 1936.
(60 Pac. [2d] 810.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was by information charged with the possession of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $100 and be imprisoned in the county jail of Oklahoma county, for 45 days. The record was properly saved and the defendant appeals.

The substance of the testimony on behalf of the state is that on the 13th day of April, 1935, three officers went to 715 S. W. 33rd street, Oklahoma City, Okla. where they found a small quantity of whisky, part of it on the bed wrapped in paper, and a part on the floor of the room in the house. The officers testified the defendant in this case lived at this place. The defendant, her sister, and one other witness testify that she had not lived at that place since March, but lived at 914 S. W. 35th street. One of the officers claims when they found the whisky the defendant stated the whisky belonged to her, the others were not definite as to what the defendant did say. One of the officers testified that the defendant's children were there with her.

The state also called a fellow by the name of Day who testified to buying a pint of whisky from the defendant about 5 o'clock in the afternoon of the same day the defendant was arrested about noon. Another witness was called who claimed he bought a pint of whisky from the defendant a day or so before this arrest was made, but on cross-examination he did not know who it was he bought it from at 715 S. W. 33rd street. The proof shows conclusively this was the home of Mr. and Mrs. John Head; Mrs. Head being a sister of the defendant, and that

some time prior to March, 1935, the defendant in this case had lived at the Head home.

The testimony of the witnesses, Bailey and Day, who testified to having bought whisky from the defendant, one before and the other subsequent to the arrest, was admitted over the objection of the defendant and exceptions duly saved.

Neither of the officers saw the defendant in possession of this whisky, and the proof conclusively shows that the whisky found by the officers was in the home of Mr. and Mrs. John Head. The only testimony of the state tending to connect the defendant with the whisky is the statement of one of the officers in which he testified the defendant told him it was her whisky.

The defendant testifying in her own behalf stated she was living at 914 S. W. 35th street, and had been since March, 1935; that she did not have any children; that she had nothing to do with the whisky, and that she did not tell the officers it was her whisky. She says when the officers got her to jail and started to lock her up they asked her if she was going to plead guilty, and she said she was not, and they told her they would turn her over to the federal authorities.

Mrs. Head testified for the defendant, and stated the whisky was brought to her place by a man named Mitchell, who at the time of the trial was somewhere in Kansas unknown to the witness.

Ruth Lawrence, testifying for the defendant, stated that at the time of the alleged offense, on April 13, 1935, the defendant was not living at the Head place; the reason she knew this was she had visited the defendant at her home at 914 S. W. 35th street.

The officers did not remember seeing any one at the Head home the day they made the arrest, but Mrs. Head stated her brother and a man named Bootie were eating their noon meal in her dining room at the time the officers came, and her father was on the outside of the house. She further testified her sister, Daisy Newcomer, had nothing to do with the whisky found at her house.

The foregoing is the substance of the testimony of both the state and the defendant.

Eleven errors have been assigned by the defendant as grounds for reversal. The defendant in her brief discusses first, the question of the admissibility of the evidence of O. E. Day, who testified to having bought a pint of whisky from the defendant at 5 o'clock or a little after, on April 13, 1935, which as shown by the record is some three or four hours after the testimony shows the defendant was arrested by the officers and placed in jail. The defendant in her argument insists that it was error for the court to admit the testimony of Day as to the alleged purchase of the whisky from the defendant several hours after the record shows the defendant was arrested and taken to jail, as it could throw no light upon the question of the possession of the whisky claimed to have been found by the officers, or the intent of the person to whom it belonged to barter, sell, give away, or otherwise furnish to others.

In this case the testimony of the state as to what the defendant should have said with reference to the ownership of the whisky found in the Head home is directly contradicted by the defendant and other witnesses who were present and did not hear her say the whisky was hers.

The testimony shows the officers stated the defendant's children were there at the place, while the testimony of the defendant shows she does not have any children. While the testimony in this case is closely contested, it is difficult to say just what would have sufficient weight to cause the jury to render a verdict of guilty.

The contention of the defendant that the testimony of the witness Day, as to the purchase of the whisky some time subsequent to the arrest of the defendant is inadmissible, is well taken. It has been uniformly held by the courts that previous offenses necessarily involving such guilty knowledge are admissible. As to those transactions which occur subsequent to the one in question, the weight of authority and of reason is against the admissibility of the testimony. Any other rule would widen the scope of the inquiry beyond the bounds within which defendant could fully prepare his defense. Coblentz v. State, 84 Ohio St. 235, 95 N. E. 768.

The error of the court is admitting the testimony of the witness Day as to the purchase subsequent to the time of the arrest of the defendant is a reversible error.

There are other errors assigned, but it is not deemed necessary to consider them. The judgment of the trial court is reversed.

DOYLE, J., concurs. EDWARDS, P. J., not participating.