## ROY YOUNG v. STATE.

No. A-11003.   July 27, 1949.

(208 P. 2d 1141.)

H. Tom Kight, Jr., of Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, J.  The defendant, Roy Young, was charged by information, tried before a jury, and convicted of the crime of grand larceny of $210 in cash.  The crime was alleged to have been committed on or about May 1, 1947, in Claremore, Rogers county, Okla.  After the verdict of guilty, the defendant was sentenced to serve a term of one year in the penitentiary.

The Attorney General has filed no brief herein and has orally expressed to the court his intention not to do so because of the strength of the defendant's position, both from the evidentiary as well as the legal standpoint.

The contention of the defendant is that the court erred in overruling his demurrer to the evidence, and at the close of all of the testimony it erred in not instructing the jury that it was their duty to return a verdict of not guilty against the defendant, Roy Young.

This contention is based upon the following facts: On the day in question, Sophia Hilton and her husband

went to Crane's restaurant in Claremore, where they had dinner and drank some beer. There they met Roy Young, whom they had previously known. Accompanying the defendant Young, was a girl by the name of Hazel Vinita. Mrs. Hilton paid for the dinner and her husband purchased 12 bottles of beer to take home and drink. In this connection, the state offered evidence to the effect that when Mrs. Hilton paid for the dinner, Roy Young was pressing forward and offering to pay for the beer her husband had purchased, while closely watching her purse. Mrs. Hilton said she took out a $20 bill to pay for the dinner; that Young was standing by her husband and there was a table between the defendant, her husband and herself. Mrs. Hilton said that she had over $200 in her purse at the time of the foregoing transaction. The four of them left the restaurant about 4:30 p. m. and went to the Hilton home. There, Hilton got his fiddle and Young a guitar, and they had music. Subsequent developments prove the four of them undoubtedly drank beer as well. Mrs. Hilton remembered laying her purse on the kitchen cabinet. Later her purse disappeared. The Vinita woman suggested that she may have left it on the table in the restaurant. On this suggestion, Mrs. Hilton and the Vinita woman got in the Hilton car and went to the restaurant. While there, the Vinita woman left the restaurant and disappeared, leaving in another car. Mrs. Hilton tried to follow her; but her car stopped and she could not start it, and so she lost her.

The Highway Patrol arrested Mrs. Hilton for drunkenness, and kept her in jail that night. The next day she paid a fine for drunkenness. Later, the sum of $210 was recovered by the sheriff from Leonard Stewart, a

taxi driver, who apparently was the person who drove Hazel Vinita away from the cafe. It developed from the evidence that the money was stolen by Hazel Vinita at the Hilton home, and given to the taxi driver. First, she gave him $100 upon leaving the cafe. Later, Hazel Vinita returned about 2:30 a. m. to the Hilton home to get the rest of the money and to get Roy Young, defendant. The state's case discloses that she gave the taxi driver an additional $100 upon coming out of the Hilton home, which made the total of $210, but told him Young was drunk and she could not get him up, that was the reason he did not come out with her. When she gave the taxi cab driver the additional $100, the evidence discloses that she said "We will see that it is split three ways". It is pertinent to observe that the Vinita woman did not testify.

The foregoing facts constitute the entire evidence upon which the defendant Young was tried, convicted, and sentenced. By way of summary, all the evidence tending to connect him with the crime was that he was seen watching Mrs. Hilton's purse when she paid her bill at the cafe; that he was with the Hilton's at their home when Mrs. Hilton missed her purse, and the hearsay statement of the taxi driver that the money was to be split three way (The record is entirely silent as to between whom the split was to be made. There is nothing that discloses that Young was to be one of the participants of the split.). The latter being hearsay evidence was clearly inadmissible and the court erred in not sustaining objection thereto. This court has held a conviction based upon hearsay evidence, or suspicion, is not obtained by due process of law and violates the Constitution of both the State and the Nation. Smith v. State,

59 Okla. Cr. 312, 58 P. 2d 347. But the evidence as a whole hardly rises even to the dignity of suspicion, much less that required by the law to support a conviction. There is not a scintilla of evidence tending to connect Young with the theft of the purse and the money or the split. The prosecution would fail for this reason alone.

Moreover, Stewart was an accomplice whose testimony, even if the same had been substantial, under the law required corroboration. There is not even slight evidence to corroborate the feeble attempt by the state, through him, to connect the defendant with the crime.

This court has repeatedly held that a conviction will not stand upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the crime. Further we have held corroboration is not sufficient if it merely shows commission of an offense, or circumstances thereof, and suspicious circumstances standing alone are not sufficient to furnish corroboration. Howerton v. State, 65 Okla. Cr. 457, 88 P. 2d 904; Fitzgerald v. State, 85 Okla. Cr. 326, 188 P. 2d 396. To hold otherwise would be a violation of both the spirit and letter of the law. Hankins v. State, 62 Okla. Cr. 252, 71 P. 2d 119.

For the foregoing reasons, the trial court erred in not sustaining the defendant's demurrer to the evidence and in not directing a verdict in favor of the defendant. For all the above said reasons, the judgment and sentence herein is reversed.

JONES, P. J., concur.