## WATSON v. STATE.

No. A-11712.   Feb. 18, 1953.

(253 P. 2d 1079.)

306

Joe A. Smalley, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Roy L. Watson, was charged by an information filed in the county court of Cleveland county with the sale of a pint of whiskey, was tried, convicted and sentenced to serve 90 days in the county jail and pay a fine of $500 and has appealed.

Several assignments of error are presented in the brief of defendant. Since this case will have to be reversed, we shall only discuss those questions which appear to us to have substantial merit. It is first contended that the court erred in admitting hearsay evidence which materially affected the rights of the defendant.

The state's proof showed that Fred Tarman, editor of the Norman Transcript, had directed two of his reporters, Bill McKenzie and Eldon Corckle, to make a tour of Cleveland county to see if they could find any open law violations. Among the places they visited was Bob Johnson's Drive Inn where the alleged pint of whiskey was purchased from Roy Watson. The assignment of error is directed at certain testimony of the witnesses Fred Tarman and Eldon Corckle. Mr. Tarman testified:

"Q. You sent them out to observe the beer parlors and pool halls to see if there were any violations? A. I instructed them to make a tour of beer parlors and any clubs to see if there is any open violations. Q. And in doing so they brought you a report that Roy L. Watson sold— Joe Smalley: I object to that as misleading and suggestive. By the Court: Ask him what report, if any, concerning the place and clubs—what they brought back. Q. What report did the boys make, if any, to what they found—McKenzie and Corckle found— Joe Smalley: I object to that as hearsay. Let the boys speak for themselves. By the Court: Let him go ahead. He was present when they said it. Joe Smalley: Will you allow me an exception? By the Court: Overruled. Exception. A. Mr. Corckle and Mr. McKenzie, they visited Bob Johnson's place and other places, and Mr. McKenzie handed me a bottle of liquor that they had purchased there. Q. Did they bring you the whiskey they purchased at Bob Johnson's Drive Inn? A. Yes sir. * * * Q. Did they bring you a bottle of whiskey? A. Yes, sir. Q. Is this the bottle of whiskey? A. Yes, sir, it is. Q. What is written on that bottle of whiskey? A. Well, on this side is Eldon G. Corckle's name, and on this side is William McKenzie, 4/6/51 is here, and a notation of $4.00 over here, and at Bob Johnson's Drive Inn is written on the top of it."

The witness Corckle, after testifying that he and McKenzie had gone to various places in the county at the direction of Mr. Tarman to make a check for law violations, further testified:

"* * * We also checked places that we'd heard about at Lexington. We checked some places at Noble, but we didn't find anything open there or places that had any activity around. We checked Slaughterville and tried to find liquor there, but failed. They told us that we could find some liquor at Bob Johnson's Drive Inn. Mr. Smalley: I object to what anybody told you about Bob's Drive Inn. Mr. Reynolds: If the Court please, that is necessary in order to lay a foundation. By the Court: Omit what they told you. Just tell what you heard. Q. What happened after that? A. We heard that liquor was sold at Bob's Drive Inn so proceeded North to Bob's Drive Inn. * * * Q. Did you ask someone there if you could buy some whiskey? A. I asked a waitress. Q. What did she say? A. She told us we would have to see the boy about that. Q. Who was the boy? A. The boy was Watson, Roy L. Watson."

It is clearly apparent that the above-quoted testimony is hearsay and should not have been admitted. Mr. Tarman had no personal knowledge of the purported sale of intoxicating liquor. All of his information was based upon reports made to him and hearsay information which he had received. He should not have been called as a witness and his testimony was certainly prejudicial to the accused. The testimony of Corckle as to what other persons had told him about the Bob Johnson Drive Inn and what the waitress had told him about the defendant was hearsay and inadmissible. It is established law that the reception of hearsay testimony which might reasonably have been said to contribute to the verdict of guilty constitutes reversible error. Seay v. State, 93 Okla. Cr. 372, 228 P. 2d 665; Young v. State, 89 Okla. Cr. 395, 208 P. 2d 1141; Taylor v. State, 90 Okla. Cr. 169, 212 P. 2d 164; Roy v. State, 77 Okla. Cr. 405, 142 P. 2d 139; Fenimore v. State, 82 Okla. Cr. 288, 169 P. 2d 214.

In this case there was competent evidence to sustain the conviction if the jury wished to believe the testimony of the witness Corckle. But the defendant, Watson, testified that he had never been arrested for any offense in his life and did not sell intoxicating liquor to Corckle and McKenzie. He testified that Corckle and McKenzie came to the tavern and told him they were strangers in town and wanted to buy a drink of whiskey and he told them that they could not obtain whiskey there; that they asked him where they might buy it and he informed them that they might secure some from Mr. Fisher through the H & H pool hall or Birchum's 77 Restaurant; that they asked if he would mind calling Fisher for them and he placed a call to Fisher just to accommodate them and told Fisher there were some men at his place who would like to buy some whiskey and Fisher

said it would be $4 for a pint and he told McKenzie the price and McKenzie said that they would take the pint. That McKenzie told him where his car was and he told McKenzie that he would tell him when Fisher came and put the whiskey in the car; that he did not ever see the whiskey and did not receive any money for the sale of the whiskey and did what he did just to accommodate a customer.

Although the jury might have wholly disbelieved the testimony of the defendant, yet if they had believed such testimony that he was not the seller and did not aid or abet in the sale, it would have been their duty to have found him not guilty. Under such evidence the admission of the hearsay testimony was clearly prejudicial to the accused and undoubtedly influenced the jury in coming to the conclusion that the defendant's explanation of the transaction was false.

The next assignment of error is that the court erred in admitting in evidence, over the objection of the defendant, that the sheriff, several days after the date of the alleged purchase, made a raid at the tavern where the defendant was manager and picked up a varied assortment of intoxicating liquors. The sheriff was permitted to testify in rebuttal, over strenuous objection of counsel for defendant, that on or about April 16 or 17 he raided Bob's Drive Inn and picked up four bottles of Seagram's, one bottle of Old Crow, two pints of Fleischman's gin and one pint of Dubonnet wine from customers in the dining room of the tavern. All of these assortments of liquor were on the tables where different customers were sitting at the time of the raid.

All of this whiskey was taken from people wholly disconnected with the defendant and no charge was ever filed against the defendant or any other person in connection with the raid. At the time the witness Jess Jack, sheriff of Cleveland county, was called to testify, the county attorney stated to the court, "This is for the purpose of establishing the reputation of the place where Roy L. Watson is working as manager". This court has held that in a prosecution for the sale of intoxicating liquor the question of knowledge, design, or intent is no element of the charge and the evidence of the general reputation of the place is inadmissible. Harrington v. State, 51 Okla. Cr. 236, 1 P. 2d 181; Moore v. State, 34 Okla. Cr. 411, 246 P. 1112.

In the case of Brown v. State, 72 Okla. Cr. 333, 116 P 2d 216, it was held:

"Where one is charged with a direct sale or unlawfully conveying intoxicating liquor, evidence of the reputation of the individual as being a bootlegger or a person who sells intoxicating liquor, is inadmissible."

It has also been held that in a prosecution for the sale of intoxicating liquor, it is reversible error to admit evidence of the alleged sales of intoxicating liquor made at another time than that alleged in the information and not connected with the offense for which the accused is being tried. Newcomer v. State, 59 Okla. Cr. 452, 60 P. 2d 810; Ruffin v. State, 38 Okla. Cr. 343, 261 P. 378.

The general rule as to the admission of this character of evidence is that the accused should be convicted, if at all, by evidence of guilt of the offense charged and evidence in any manner tending to show commission of other offenses, wholly independent, though of the same sort is inadmissible to establish guilt of the offense charged. Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185.

It is contended that the court erred in overruling the demurrer to the evidence at the conclusion of the state's case. It is unnecessary for us to further lengthen this opinion by discussing this assignment, as the evidence of the witness Corckle was sufficient to show a sale by Watson to Corckle and McKenzie. He testified that they paid Watson $4 for a pint of Seagram's and Watson said

it would be placed in their car and in about 3 minutes a waitress came to them and said the whiskey was in their car. This was sufficient to constitute a sale.

The defendant in his fourth proposition contends that the court failed to give a requested instruction as to what was necessary to constitute a sale of intoxicating liquor. We do not find in the record where such a request was made. However, in the re-trial of this case the court should give such an instruction. In the case of Stevens v. State, 31 Okla. Cr. 376, 239 P. 273, this court held:

"To sustain a charge of selling intoxicating liquors, there must be proven a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller, and a delivery of the thing sold."

Because of the errors of law occurring at the trial hereinabove enumerated, the judgment and sentence of the county court of Cleveland county is reversed and the case is remanded with instructions to again try the defendant for this offense.

POWELL, P. J., and BRETT, J., concur.