Raymond **RODRIQUES**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13578.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1965.

R. A. Wilkerson, Pryor, Ed Parks, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Raymond Rodriques, hereinafter referred to as defendant, was convicted by a jury in the district court of Mayes County on a charge of grand larceny, sentenced to serve two years in the State Penitentiary, and has perfected his appeal to this court.

Defendant was charged with the theft, on November 2, 1963, of "one Dodson 'Big Boy' silo unloader" of the value of $1800, the property of R. M. True.

R. M. True testified that he was a dairy former, and the owner of a Dodson Big Boy silo unloader, which was located on his farm. That on November 2, 1963 he inspected the silo unloader, and on the morning of November 3 he returned to the silo, and the unloader was missing. He reported the loss to the sheriff's office. The next time he saw his silo unloader, on November 8, 1963, it was in the barn of Rex Brinlee. It was returned to him the next day. When asked if he knew who took the unloader, his answer was, "No sir, I couldn't say that I do."

M. W. Ogilvie, deputy sheriff who answered Mr. True's call, got a picture and description of the unloader, and on November 8, he found it in a barn on the Rex Brinlee ranch.

Gerald Burt Stephens, who lived just across Highway No. 28 from Mr. Brinlee's ranch, and on the dates here involved was working for Mr. Brinlee and living in his home, testified that on November 2, 1963 the defendant Raymond Rodriques, accompanied by Robert Frederick Deck, came to the Brinlee ranch about 7:30 in the morning. Stephens said that he, Brinlee, Rodriques and Deck that morning "went down to Mr. Brinlee's Cessna airplane and went flying, flew north over Chelsea, and flew up around quite a bit up north, and then back down over and around Pryor, and back to the Brinlee ranch."

When asked the purpose of this flight, witness answered, "We was looking for a silage unloader." That before leaving the ranch, Brinlee had asked the witness where silos were located around different places, and that he told him where a few were located, and that was the reason he went with them on the morning of November 2nd. That they flew over Mr. True's farm between ten and eleven o'clock that morning, flew back and forth over it a few times, and "dove down a couple of times", then returned to the Brinlee ranch.

A little after dark on the same day, this witness testified, he, Mr. Brinlee, Mr. Deck and this defendant left the Brinlee ranch in Brinlee's station wagon. They stopped at a little store and purchased some soda water and two pairs of gloves. They drove to Adair and got a county truck, and on to True's farm. He stated that defendant Rodriques had Mr. Brinlee's pistol, and stood guard, while Mr. Brinlee and Mr. Deck went up on the silo; and the witness "was supposed to carry tools up and down to them if they needed them", and to help as needed. He stated that they took the un-

loader apart and let it down over the side with the hoist on the side of the silo, and after they got it all on the ground they loaded it in the truck. That all four of them assisted in loading the silage unloader. They then returned to Mr. Brinlee's ranch and put the silage unloader in Mr. Brinlee's barn, and took the county truck to Oologah.

On cross examination this witness admitted that he knew at the time that the silage unloader was being stolen. He testified that he had not been arrested in the matter; that the officers to whom he had talked had not promised him anything, but they told him it would be better on him, and they would help him all they could, if he would talk.

Mrs. Proctor, who operated the store, testified that Mr. Brinlee, Shephens and two other men came to her store, purchased soda pop and two pairs of gloves on the date in question. That she did not know the other two men, and could not identify them.

Dave Williams, branding inspector for the Texas Southwest Cattleraisers Association, testified that on November 8, 1963 he was at the Brinlee ranch for the purpose of looking at some cattle, and to look at an in-silage unloader that was in a shed there. He identified pictures of the silo unloader in question.

This ended the testimony of the State. The defendant demurred to the evidence in chief for the reason that it was insufficient to support a verdict of guilty; and that the only evidence touching the action on the part of this defendant was given by an accomplice, and that the evidence taken was without corroboration and wholly insufficient to support a verdict of guilty.

The defendant did not put on any evidence, but elected to stand on his demurrer; and filed a brief in support of his contentions.

■ Defendant cites but two propositions of error in his brief. Under the view we take of this case, it is only necessary to consider the assignment that this conviction was had contrary to the law, in that the evidence was insufficient to support the verdict and judgment of conviction. This view must be taken for the reason that the only evidence tending to connect appellant with the commission of the crime charged was the testimony of Gerald Burt Stephens, a confessed accomplice, and therefore the court erred in refusing to sustain defendant's demurrer at the close of the state's evidence.

The Attorney General has filed no brief herein.

Title 22 O.S.A. § 742 is clear on the question of corroboration, and provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

This statute has been construed by this court many times. We have carefully searched the case made and fail to find one line of testimony where the state proved any connection with the crime by the defendant, other than the uncorroborated testimony of the accomplice, Gerald Burt Stephens.

■ This court has repeatedly held that a conviction will not stand upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the crime. Further, we have held that corroboration is not sufficient if it merely show the commission of the crime, or circumstances thereof; and suspicious circumstances standing alone are not sufficient to furnish corroboration. Young v. State, 89 Okl.Cr. 395, 208 P.2d 1141; Kennedy v. State, 65 Okl.Cr. 77, 83 P.2d 198; Hankins v. State, 62 Okl.Cr. 252, 71 P.2d 119, and cases cited.

Carefully considering the evidence in this case, we are clearly of the opinion that the testimony of the accomplice was not corroborated as the law requires, and for this

reason the defendant's demurrer to the evidence should have been sustained.

For the reasons above stated, the judgment and sentence of the district court of Mayes County is reversed.

BUSSEY, P. J., and NIX, J., concur.